FILED

**COUNTRYMAN & McDANIEL**
BYRON E. COUNTRYMAN  [State Bar No. 63986]
BEC@CargoLaw.com
BRUCE A. LINDSAY   [State Bar No. 102794]
BAL@CargoLaw.com
LAX Airport Center, Eleventh Floor
5933 West Century Boulevard
Los Angeles, California 90045
Telephone: (310) 342-6500; Facsimile: (310) 342-6505

2010 APR 16 PM 2: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff MAINFREIGHT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MAINFREIGHT, INC.,

  Plaintiff,

  vs.

SOFTWARE HOUSE INTERNATIONAL, INC.; SHI INTERNATIONAL CORPORATION and DOES 1 through 10, inclusive,

  Defendants.

CASE NO. CV10 2831 VBF (SSx)

**COMPLAINT FOR DAMAGES OF MAINFREIGHT, INC.:**

  (1) Breach of Contract;
  (2) Open Account;
  (3) Account Stated;
  (4) Indebitatus Assumpsit;
  (5) Unjust Enrichment; and
  (6) Breach of Implied Contract

COMES NOW Plaintiff Mainfreight, Inc. ("Mainfreight") and alleges:

1.   This action is a civil action of which this Court has jurisdiction under 28 U.S.C. §1332 in that it arises between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff Mainfreight is incorporated under the laws of the State of Delaware with its principal place of business in Rancho Dominguez, California. Defendants Software House International, Inc. and SHI International Corporation ("Software" and "SHI," respectively) are incorporated under the laws of the State of New York with their principal place of business in Somerset, New Jersey.

2.   Mainfreight does not know the true names of defendants sued herein as DOES 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the damage herein set forth.

- 1 -

Accordingly, Mainfreight sues said defendants by such fictitious names. Mainfreight will amend its complaint to show the true names of said defendants when Mainfreight ascertains the same.

3. Mainfreight is a transportation service provider and as such makes arrangements for the transportation, distribution and storage of cargo, as needed. Mainfreight does business in the State of California and has offices and facilities in Carson, County of Los Angeles, where it performed certain transactions and services for the defendants which give rise to the obligations of defendants to Mainfreight as alleged hereinafter and which, in part, are the subject of this lawsuit.

4. Mainfreight is informed and believes, and thereon alleges, that at all times mentioned herein, Software, SHI and Does 1 through 10, inclusive, and each of them (collectively, the "Defendants"), were and have been agents, customers, shippers, disclosed principals, beneficiaries, servants, employers, and/or employees of each of the other defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

5. Mainfreight is informed and believes, and thereon alleges, that Mainfreight and the Defendants, and each of them, agreed that in the event of a dispute arising from their business relationship and the services received by Defendants or provided by Mainfreight, that any such dispute would be filed and maintained within Los Angeles County, California. As such, Defendants are amenable to personal jurisdiction within the State of California.

## FIRST CAUSE OF ACTION

### Breach of Contract against the Defendants

6. Mainfreight incorporates herein, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 5, inclusive, of the general allegations of this complaint.

7. From in or around December 2008 to the time of the filing of this lawsuit and further to written and oral contracts between the parties, Mainfreight provided transportation-related services on behalf of the Defendants, including transporting, handling, preparing and storing the cargo of the Defendants. It was the custom and practice of the parties for Mainfreight to submit invoices to the Defendants for services rendered, and for the Defendants to pay the same.

- 2 -

\\SERVER\CM-Data\Cases\Mainfreight\SHI Int'l Corp\Complaint.wpd         COMPLAINT OF MAINFREIGHT, INC.

Mainfreight's charges on said invoices were pursuant to a tariff provided by or otherwise ratified by the Defendants and pursuant to the parties' mutual understanding as to billing and service terms.

8. In violation of the aforementioned contracts, the Defendants failed to pay for certain services provided by Mainfreight. Mainfreight has fully performed its obligations under the aforementioned contracts, or was otherwise excused from so doing by the conduct or agreement of the Defendants.

9. In violation of the aforementioned contracts, Defendants have refused to pay the monies owed to Mainfreight despite demand by Mainfreight to Defendants for the same. As a direct and proximate result of said failure and refusal by Defendants to pay, Mainfreight has incurred damages of not less than $572,976.10, plus miscellaneous expenses, interest, attorney's fees and costs, no part of which has been paid by Defendants, despite demand for the same by Mainfreight.

## SECOND CAUSE OF ACTION

### Open Account against the Defendants

10. Mainfreight incorporates herein, as though set forth at length, each and every allegation contained within paragraphs 1 through 9, inclusive, of the general allegations and of First Cause of Action of this complaint.

11. In the course the business relationship of the parties, and since in or about December 2008 to the time of the filing of this lawsuit, the Defendants have become indebted to Mainfreight on an open book account, under which Defendants are presently responsible for the sum of $572,976.10.

12. The Defendants have refused to pay the above sum, or any part thereof, despite demand to Defendants by Mainfreight for same.

13. As a direct and proximate result of the failure and refusal of Defendants to pay the monies owed, Mainfreight has incurred damages of not less than $572,976.10, plus miscellaneous expenses, interest, attorney's fees and costs, no part of which has been paid by Defendants, despite demand by Mainfreight for the same.

- 3 -

\\SERVER\CM-Data\Cases\Mainfreight\SHI Int'l Corp\Complaint.wpd                    COMPLAINT OF MAINFREIGHT, INC.

## THIRD CAUSE OF ACTION

### Account Stated against the Defendants

14. Mainfreight incorporates herein, as though fully set forth at length, each and every allegation contained within paragraphs 1 through 13, inclusive, of the general allegations and of the First and Second Causes of Action of this complaint.

15. From in or about December 2008 to the time of the filing of this lawsuit and continuing day to day, there is and has been an account stated between Mainfreight and the Defendants, for the benefit of Defendants, upon which account stated the sum of $572,976.10 is due and owing by the Defendants to Mainfreight.

16. As a direct and proximate result of the failure of the Defendants to pay the monies owed, Mainfreight has incurred damages of not less than $572,976.10, plus miscellaneous expenses, interest, and costs, no part of which has been paid by Defendants, despite demand for the same by Mainfreight.

## FOURTH CAUSE OF ACTION

### Indebitatus Assumpsit against the Defendants

17. Mainfreight incorporates herein, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 16, inclusive, of the general allegations and of the First, Second and Third Causes of Action of this complaint.

18. In the course the business relationship of the parties, from in or about December 2008 to the time of the filing of this lawsuit, Defendants became indebted to Mainfreight in the sum of $572,976.10 for the use and benefit of Defendants, which sum remains due and owing to Mainfreight.

19. As a direct and proximate result of the failure of Defendants to pay the monies owed, Mainfreight has incurred damages of not less than $572,976.10, plus miscellaneous expenses, interest, and costs, no part of which has been paid by Defendants, despite demand for the same by Mainfreight.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment against the Defendants

20. Mainfreight incorporates herein, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 19, inclusive, of the general allegations and of the First, Second, Third and Fourth Causes of Action of this complaint.

21. In the course the business relationship of the parties, and since in or about December 2008 to the time of the filing of this lawsuit, the Defendants have failed to pay Mainfreight for certain services that Mainfreight provided to Defendants per the request of the Defendants.

22. The Defendants have refused to pay for said services provided to them despite demand to the Defendants by Mainfreight for payment of the same. Accordingly, the Defendants have become unjustly enriched to the detriment and expense of Mainfreight. Mainfreight is entitled to receive the value of the benefit conferred upon Defendants.

23. Accordingly, equity requires an award of damages to Mainfreight of not less than $572,976.10, plus miscellaneous expenses, interest, and costs, no part of which has been paid by the Defendants, despite demand for the same by Mainfreight.

## SIXTH CAUSE OF ACTION

### Breach of Implied Contract against the Defendants

24. Mainfreight incorporates herein, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 23, inclusive, of the general allegations and of the First, Second, Third, Fourth and Fifth Causes of Action of this complaint.

25. From in or about December 2008 to the time of the filing of this lawsuit and continuing day to day, and further to a business arrangement between the parties, Mainfreight provided certain transportation-related services to the Defendants. It was the custom and practice of the parties for Mainfreight to submit invoices to the Defendants for services rendered, and for the Defendants to pay the same.

26. By virtue of the foregoing, an implied contract existed between the parties. In violation of that implied contract, the Defendants failed and refused to pay Mainfreight for certain

- 5 -

\\SERVER\CM-Data\Cases\Mainfreight\SHI Int'l Corp\Complaint.wpd            COMPLAINT OF MAINFREIGHT, INC.

1  services rendered.

2  27. In violation of the aforementioned implied contract, Defendants have refused to pay the monies owed to Mainfreight despite demand by Mainfreight to the Defendants for the same. As a direct and proximate result, Mainfreight has incurred damages of not less than $572,976.10, plus miscellaneous expenses, interest, and costs, no part of which has been paid by Defendants, despite demand for the same by Mainfreight.

WHEREFORE, Mainfreight prays for judgment on its complaint as follows:

1. For a judgment against the Defendants in an amount according to proof at trial;

2. For prejudgment interest in an amount that Mainfreight shall establish according to proof;

3. For attorneys' fees on all causes of action;

4. For costs of suit and other sums according to proof; and

5. For such other and further relief as the Court deems just and proper.

Dated: 16 April 2010

**COUNTRYMAN & McDANIEL**
BYRON E. COUNTRYMAN
BRUCE A. LINDSAY

By: _____
BYRON E. COUNTRYMAN
Attorneys for Plaintiff
MAINFREIGHT, INC.

- 6 -